UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 303 Falcon Lane, Apt. 102, West Chester, PA  19382

Address of Defendant: 1646 West Chester Pike, Suite 31, West Chester, PA  19382

Place of Accident, Incident or Transaction: 1646 West Chester Pike, Suite 31, West Chester, PA  19382

---

*RELATED CASE, IF ANY:*

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☒

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 10/24/2019   *Must sign here* (signature)   64565
*Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

CIVIL: (Place a √ in one category only)

**A.   Federal Question Cases:**
1. Indemnity Contract, Marine Contract, and All Other Contracts ☐
2. FELA ☐
3. Jones Act-Personal Injury ☐
4. Antitrust ☐
5. Patent ☐
6. Labor-Management Relations ☐
7. Civil Rights ☐
8. Habeas Corpus ☐
9. Securities Act(s) Cases ☐
10. Social Security Review Cases ☐
11. All other Federal Question Cases ☒
   (Please specify): violation of ADA/ADAAA

**B.   Diversity Jurisdiction Cases:**
1. Insurance Contract and Other Contracts ☐
2. Airplane Personal Injury ☐
3. Assault, Defamation ☐
4. Marine Personal Injury ☐
5. Motor Vehicle Personal Injury ☐
6. Other Personal Injury (Please specify): _____ ☐
7. Products Liability ☐
8. Products Liability – Asbestos ☐
9. All other Diversity Cases ☐
   (Please specify): _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Edward C. Sweeney , counsel of record *or pro se plaintiff*, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☒ Relief other than monetary damages is sought.

DATE: 10/24/2019   *Sign here if applicable* (signature)   64565
*Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

JS 44 (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
REBECCA EARLEY
303 Falcon Lane, Apt. 102, West Chester, PA  19382

## DEFENDANTS
ALARM FUNDING ASSOCIATES, LLC, d/b/a Alarm Funding Assocs.
1646 West Chester Pike, Suite 31, West Chester, PA  19382

**(b)** County of Residence of First Listed Plaintiff   Chester
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Chester
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Edward C. Sweeney, Esquire, Wusinich & Sweeney, LLC
231 Welsh Pool Rd., Suite 236, Exton, PA  19341
610-594-1600

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question
  *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity
  *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product   Product Liability |  |   28 USC 157 |   3729(a)) |
| ☐ 140 Negotiable Instrument |   Liability / ☐ 367 Health Care/ |  |  | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel &   Pharmaceutical |  | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
|    & Enforcement of Judgment |   Slander   Personal Injury |  | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'   Product Liability |  | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted |   Liability / ☐ 368 Asbestos Personal |  | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
|    Student Loans | ☐ 340 Marine   Injury Product |  |   New Drug Application | ☐ 470 Racketeer Influenced and |
|    (Excludes Veterans) | ☐ 345 Marine Product   Liability |  | ☐ 840 Trademark |   Corrupt Organizations |
| ☐ 153 Recovery of Overpayment |   Liability   **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
|    of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle / ☐ 371 Truth in Lending |   Act | ☐ 862 Black Lung (923) |   Protection Act |
| ☐ 190 Other Contract |   Product Liability / ☐ 380 Other Personal | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal   Property Damage |   Relations | ☐ 864 SSID Title XVI | ☐ 850 Securities/Commodities/ |
| ☐ 196 Franchise |   Injury / ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) |   Exchange |
|  | ☐ 362 Personal Injury -   Product Liability | ☐ 751 Family and Medical |  | ☐ 890 Other Statutory Actions |
|  |   Medical Malpractice |   Leave Act |  | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights   **Habeas Corpus:** | ☐ 791 Employee Retirement | ☐ 870 Taxes (U.S. Plaintiff | ☐ 895 Freedom of Information |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee |   Income Security Act |   or Defendant) |   Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate |  | ☐ 871 IRS—Third Party | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/   Sentence |  |   26 USC 7609 | ☐ 899 Administrative Procedure |
| ☐ 245 Tort Product Liability |   Accommodations / ☐ 530 General |  |  |   Act/Review or Appeal of |
| ☐ 290 All Other Real Property | ☒ 445 Amer. w/Disabilities - / ☐ 535 Death Penalty | **IMMIGRATION** |  |   Agency Decision |
|  |   Employment   **Other:** | ☐ 462 Naturalization Application |  | ☐ 950 Constitutionality of |
|  | ☐ 446 Amer. w/Disabilities - / ☐ 540 Mandamus & Other | ☐ 465 Other Immigration |  |   State Statutes |
|  |   Other / ☐ 550 Civil Rights |   Actions |  |  |
|  | ☐ 448 Education / ☐ 555 Prison Condition |  |  |  |
|  | ☐ 560 Civil Detainee - |  |  |  |
|  |   Conditions of |  |  |  |
|  |   Confinement |  |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C.   1331 & 1341; 42 U.S.C. Sec. 2000e-5; 42 U.S.C. 12101, et seq.
Brief description of cause:
Violation of Americans with Disabilities Act as amended by Americans with Disabilities Act Amendments

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*

JUDGE

DOCKET NUMBER

DATE
10/24/2019

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| REBECCA EARLEY | : | CIVIL ACTION |
| 303 Falcon Lane, Apartment 102 | : | |
| West Chester, PA 19382 | : | |
| | : | |
| Plaintiff | : | NO. |
| | : | |
| vs. | : | |
| | : | |
| ALARM FUNDING ASSOCIATES, LLC, | : | |
| d/b/a ALARM FUNDING ASSOCIATES | : | |
| 1646 West Chester Pike, Suite 31 | : | |
| West Chester, PA 19382 | : | |
| | : | |
| Defendant | : | TRIAL BY JURY OF 12 |
| | : | DEMANDED |

## COMPLAINT

## JURISDICTION

1.     This Court has original subject matter jurisdiction of this case under 28 U.S.C. §§1331 and 1341 and 42 U.S.C. §2000e-5, inasmuch as the matters in controversy are brought pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101, *et seq*., as amended by the Americans with Disabilities Act Amendments ("ADAAA"). It has supplemental jurisdiction for Plaintiff's damage claims under the Pennsylvania Human Relations Acts for her claims of disability discrimination.

2.     Venue is proper in the Eastern District of Pennsylvania because at the time of the incidents in question, Plaintiff lived in Chester County, Pennsylvania. the incidents in question occurred in Chester County, Pennsylvania, and Defendant employed Plaintiff in Chester County, Pennsylvania.

3.     Plaintiff has exhausted her administrative remedies by pursuing this matter before the Equal Employment Opportunity Commission. She has timely filed this action after receiving a

1

Dismissal and Notice of Rights dated 8/5/19 and is filing this action within 90 days of receipt of said document. See Exhibit A attached hereto.

## FACTUAL ALLEGATIONS

4.   Plaintiff Rebecca Earley ("Plaintiff") is an adult Chester County resident living at 303 Falcon Lane Drive, Apartment 102, West Chester, PA 19382.

5.   Defendant Alarm Funding Associates, LLC, d/b/a Alarm Funding Associates ("Defendant") is a Pennsylvania limited liability company with an office located at 1646 West Chester Pike, Suite 31, West Chester PA 19382, and with a service address of 113 East Evans Street, Suite D-1, West Chester, PA 19380.

6.   Plaintiff began working for Defendant on February 14, 2018.

7.   Plaintiff was hired as an accounting representative for Defendant earning $16.83 an hour.

8.   Plaintiff informed Defendant in her early weeks of employment that she had post-traumatic stress disorder ("PTSD").

9.   Plaintiff's PTSD is a disability as defined by the ADA, as amended by the ADAAA.

10.  Plaintiff was assigned (for about one hour a day) to help answer the phones for the receptionist.

11.  Additionally, because the receptionist was out sick for several days, Plaintiff was assigned to this job for the whole shift.

12.  Defendant knew of Plaintiff's condition.

13.  Anyone who answered phones at Defendant's business took a lot of angry calls from customers.

14.  Plaintiff's PTSD was exacerbated by the irate calls.

2

15.  Plaintiff asked for help (reasonable accommodation) from management because she was having panic attacks during the week the receptionist was out sick (Monday, July 9, 2018 to Friday, July 13, 2018).

16.  Initially, a Human Resource rep, Carolyn, called Plaintiff into her office during one of her panic attacks and tried to help her through her problem, but only exacerbated the situation when she closed the door and blocked the exit.

17.  Plaintiff indicated she needed to leave and left the workplace for several days.

18.  Plaintiff did this because of the panic attack she was experiencing.

19.  Plaintiff kept daily contact with the company advising them of what treatment she was receiving.

20.  Plaintiff was out of the office from Monday, 7/16/18, until the next Wednesday, 7/25/18.

21.  Plaintiff updated the Defendant as to her status during this time.

22.  When Plaintiff returned to work on 7/25/18, she worked a couple of hours and was called into the office by Carolyn.

23.  Manager Greg Nailor was also in Carolyn's office.

24.  Carolyn and Mr. Nailor sat down with Plaintiff and Mr. Nailor told her he could not accommodate her restrictions and they had to let her go.

25.  Carolyn and Mr. Nailor then sent Plaintiff out to get her belongings.

26.  Plaintiff avers in this case that there was a duty to accommodate her.

27.  Plaintiff told the Defendant's management and/or Human Resources officials that she had a disability and she asked for help.

28.  There was no engagement of an interactive process.

3

29.  Defendant fired Plaintiff because of Plaintiff's disability and/or its unwillingness to provide her with accommodations.

30.  Additionally, the undue hardship standard is a heightened standard that is not easy for the Defendant to meet and is not applicable.

31.  Additionally, Defendant retaliated against Plaintiff's request for accommodation by firing her.

32.  No interactive process was engaged by Defendant.

33.  Defendant's conduct was because Plaintiff asked for accommodation under the ADA/ADAAA or PHRA, was because of discrimination as defined in the ADA/ADAAA or PHRA, was in retaliation for Plaintiff's reporting her ADA/ADAAA or PHRA disability and/or for asking for help (accommodation).

34.  At all relevant times, Defendant's Human Resource Department was acting in a managerial capacity.

35.  Defendant knew of Plaintiff's disability at the time it fired her.

36.  Defendant's action was in retaliation for Plaintiff asking for ADA accommodations.

37.  Defendant has caused Plaintiff to lose wages because of its conduct.

38.  Defendant caused Plaintiff to suffer compensatory damages, including pain, suffering and humiliation.

39.  Defendant, by and through its agents, managers, employees, and HR officials (many of the foregoing holding positions of authority), acted with malice or reckless indifference to the federally-protected rights of Plaintiff, and in particular: (1) refused to accommodate her disability and symptoms; (2) discriminated against her because of her ADA/ADAAA condition; (3) retaliated against her for reporting to Defendant that she had PTSD and needed help

4

(accommodation); and (4) failed to appropriately investigate Plaintiff's rights under the ADA/ADAAA, including but not limited to keeping current with the body of law, regulations, and EEOC guidance on this area (return-to-work situations).

40. Plaintiff's counsel has incurred attorney's fees which are recoverable under the ADA/ADAAA.

41. Plaintiff is entitled to punitive damages under the ADA/ADAAA.

## COUNT I

### AMERICANS WITH DISABILITIES ACT

**PLAINTIFF REBECCA EARLEY v.
DEFENDANT ALARM FUNDING ASSOCIATES, LLC,
d/b/a ALARM FUNDING ASSOCIATES**

**REASONABLE ACCOMMODATION INCLUDING
FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS**

42. Plaintiff incorporates paragraphs 1 through 41 herein by reference.

43. Plaintiff has an ADA-protected condition – PTSD – that meets the definition of a disability under the ADA/ADAAA.

44. Plaintiff was qualified to do the essential functions of her job, with or without reasonable accommodation.

45. Plaintiff put the employer on notice that she had a disability.

46. Plaintiff and/or her medical provider made a request for accommodation.

47. Defendant failed to engage in the interactive process with Plaintiff.

48. Defendant failed to reasonably accommodate Plaintiff.

49. Defendant required a "full duty" or "no restriction" return to work in violation of the ADA/ADAAA.

50. Defendant had no undue hardship in accommodating Plaintiff.

5

51.  Defendant terminated Plaintiff and thus she sustained an adverse action.

52.  There is a causal link between the adverse actions and the employment actions herein.

53.  Plaintiff suffered damages.

WHEREFORE, Plaintiff demands the following relief:  (1) wages, employment benefits or other compensation denied or lost by such violation, including front wages; (2) equitable relief such as rehiring; (3) punitive damages; (4) a reasonable attorney's fee; (5) the employee's expert witness fee, if any; (6) rehire to Defendant to her former position (with all back and future benefits she would have been entitled to); (7) damages for pain, suffering and humiliation; (8) medical expenses for additional treatment caused by the conduct of the employer; (9) interest; (10) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's ruling in Eshelman v. Agere Systems, Inc., 554 F.3d 426 (3d Cir. 2009);  and (11) other costs of the action.

## COUNT II

### AMERICANS WITH DISABILITIES ACT

### PLAINTIFF REBECCA EARLEY v. DEFENDANT ALARM FUNDING ASSOCIATES, LLC, d/b/a ALARM FUNDING ASSOCIATES

### DISCRIMINATION

54.  Plaintiff incorporates paragraphs 1 through 53 herein by reference.

55.  Plaintiff suffered an adverse employment action, being terminated, and was treated differently in the terms, conditions, and benefits of her employment than people without a disability.

56.  There is a causal link between the adverse actions and the employment actions herein, including the discharge of Plaintiff.

57. Plaintiff suffered damages.

WHEREFORE, Plaintiff demands the following relief: (1) wages, employment benefits or other compensation denied or lost by such violation, including front wages; (2) equitable relief such as rehiring; (3) punitive damages; (4) a reasonable attorney's fee; (5) the employee's expert witness fee, if any; (6) rehire to Defendant to her former position (with all back and future benefits she would have been entitled to); (7) damages for pain, suffering and humiliation; (8) medical expenses for additional treatment caused by the conduct of the employer; (9) interest; (10) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's ruling in Eshelman v. Agere Systems, Inc., 554 F.3d 426 (3d Cir. 2009); and (11) other costs of the action.

## COUNT III

### AMERICANS WITH DISABILITIES ACT

### PLAINTIFF REBECCA EARLEY v.
### DEFENDANT ALARM FUNDING ASSOCIATES, LLC,
### d/b/a ALARM FUNDING ASSOCIATES

### RETALIATION

58. Plaintiff incorporates paragraphs 1 through 57 herein by reference.

59. Plaintiff has an ADA-protected condition that meets the definition of a disability under the ADA/ADAAA.

60. Defendant knew of Plaintiff's assertions of rights and took adverse actions against her, including termination and not providing Plaintiff with reasonable accommodations and not engaging in an interactive process.

61. Defendant knew or should have known that its legal position was without merit.

62.   There is a causal link between the adverse actions and the employment actions herein, including the discharge of Plaintiff.

63.   Plaintiff suffered damages.

WHEREFORE, Plaintiff demands the following relief:  (1) wages, employment benefits or other compensation denied or lost by such violation, including front wages; (2) equitable relief such as rehiring; (3) punitive damages; (4) a reasonable attorney's fee; (5) the employee's expert witness fee, if any; (6) rehire to Defendant to her former position (with all back and future benefits she would have been entitled to); (7) damages for pain, suffering and humiliation; (8) medical expenses for additional treatment caused by the conduct of the employer; (9) interest; (10) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's ruling in Eshelman v. Agere Systems, Inc., 554 F.3d 426 (3d Cir. 2009); and (11) other costs of the action.

## COUNT IV

### PENNSYLVANIA HUMAN RELATIONS ACT

### PLAINTIFF REBECCA EARLEY v. DEFENDANT ALARM FUNDING ASSOCIATES, LLC, d/b/a ALARM FUNDING ASSOCIATES

### REASONABLE ACCOMMODATION INCLUDING FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS

64.   Plaintiff incorporates paragraphs 1 through 63 herein by reference.

65.   Plaintiff has a PHRA-protected condition – PTSD – that meets the definition of a disability under the PHRA.

66.   Plaintiff was qualified to do the essential functions of her job, with or without reasonable accommodation.

67.  Plaintiff and/or her medical records put Defendant on notice that she had a disability and, based on such notice, Defendant was able to reasonably deduce a request for accommodation was made.

68.  Plaintiff suffered adverse employment actions, including but not limited to termination, the requirement of a full-duty note, failure to engage in the interactive process and failure to reasonably accommodate her.

69.  Plaintiff or her medical provider engaged the interactive process when a reasonable accommodation for her condition was requested.

70.  Defendant did not engage in the interactive process.

71.  Defendant failed to accommodate Plaintiff's PHRA-protected condition.

72.  Defendant had no undue hardship in accommodating Plaintiff's requests for accommodation.

73.  There is a causal link between the adverse actions and the employment actions herein, including the discharge of Plaintiff.

74.  Plaintiff suffered damages.

WHEREFORE, Plaintiff demands the following relief:  (1) wages, employment benefits or other compensation denied or lost by such violation, including front wages; (2) equitable relief such as rehiring; (3) a reasonable attorney's fee; (4) the employee's expert witness fee, if any; (5) rehire to Defendant to her former position (with all back and future benefits she would have been entitled to); (6) damages for pain, suffering and humiliation; (7) medical expenses for additional treatment caused by the conduct of the employer; (8) interest; (9) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's ruling in Eshelman v. Agere Systems, Inc., 554 F.3d 426 (3d Cir. 2009); and (10) other costs of the action.

## COUNT V

### PENNSYLVANIA HUMAN RELATIONS ACT

### PLAINTIFF REBECCA EARLEY v.
### DEFENDANT ALARM FUNDING ASSOCIATES, LLC,
### d/b/a ALARM FUNDING ASSOCIATES

### DISABILITY DISCRIMINATION

75. Plaintiff incorporates paragraphs 1 through 74 herein by reference.

76. Plaintiff has a PHRA-protected condition that meets the definition of a disability under the PHRA.

77. Plaintiff was qualified to do the essential functions of her job, with or without reasonable accommodation.

78. Plaintiff suffered adverse employment actions, including termination and being treated differently in the terms, conditions, and benefits of her employment than people without a disability.

79. There is a causal link between the adverse actions and the employment actions herein.

80. Plaintiff suffered damages.

WHEREFORE, Plaintiff demands the following relief: (1) wages, employment benefits or other compensation denied or lost by such violation, including front wages; (2) equitable relief such as rehiring; (3) a reasonable attorney's fee; (4) the employee's expert witness fee, if any; (5) rehire to Defendant to her former position (with all back and future benefits she would have been entitled to); (6) damages for pain, suffering and humiliation; (7) medical expenses for additional treatment caused by the conduct of the employer; (8) interest; (9) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's ruling in Eshelman v. Agere Systems, Inc., 554 F.3d 426 (3d Cir. 2009); and (10) other costs of the action.

## COUNT VI

### PENNSYLVANIA HUMAN RELATIONS ACT

### PLAINTIFF REBECCA EARLEY v.
### DEFENDANT ALARM FUNDING ASSOCIATES, LLC,
### d/b/a ALARM FUNDING ASSOCIATES

### DISABILITY -- RETALIATION

81.  Plaintiff incorporates paragraphs 1 through 80 herein by reference.

82.  Plaintiff has a PHRA-protected condition – PTSD - that meets the definition of a disability under the PHRA.

83.  Defendant took adverse actions against Plaintiff, including termination.

84.  There is a causal link between the adverse actions and the employment actions herein.

85.  Plaintiff suffered damages.

WHEREFORE, Plaintiff demands the following relief:  (1) wages, employment benefits or other compensation denied or lost by such violation, including front wages; (2) equitable relief such as rehiring; (3) a reasonable attorney's fee; (4) the employee's expert witness fee, if any; (5) rehire to Defendant to her former position (with all back and future benefits she would have been entitled to); (6) damages for pain, suffering and humiliation; (7) medical expenses for additional treatment caused by the conduct of the employer; (8) interest; (9) an additional amount for the tax

consequences for an award in Plaintiff's favor under the Third Circuit's ruling in Eshelman v.

Agere Systems, Inc., 554 F.3d 426 (3d Cir. 2009); and (10) other costs of the action.


Respectfully submitted,


Date:   10/24/2019                    BY:   /s/Edward C. Sweeney
                                            Edward C. Sweeney, Esquire
                                            I.D. #64565
                                            Attorney for Plaintiff
                                            Wusinich & Sweeney, LLC
                                            211 Welsh Pool Road, Suite 236
                                            Exton, PA 19341
                                            Phone: 610-594-1600
                                            Fax: 610-594-6518
                                            esweeney@wspalaw.com
                                            Validation of signature code: ECS1942


12

# EXHIBIT A

EEOC Form 161 (11/16)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

RECEIVED

AUG 0 9 2019

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Rebecca Earley<br>303 Falcon Lane<br>Apt 102<br>West Chester, PA 19382 | From: | Philadelphia District Office<br>801 Market Street<br>Suite 1300<br>Philadelphia, PA 19107 |
|---|---|---|---|

| | ☐ | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) | |
|---|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2018-04970 | Legal Unit,<br>Legal Technician | (215) 440-2828 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐   Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒   The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐   Other (briefly state)

## - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Jamie R. Williamson*        August 5, 2019

Enclosures(s)

**Jamie R. Williamson,<br>District Director**      *(Date Mailed)*

cc:   Karolyn Harris<br>Human Resources Director<br>ALARM FUNDING ASSOCIATES<br>1646 West Chester Pike<br>Suite 31<br>West Chester, PA 19382

Edward C. Sweeney<br>WUSINICH & SWEENEY, LLC<br>211 Welsh Pool Road, Suite 236<br>Exton, PA 19341